## FRANZ CORPORATION v. FIFER.

(Circuit Court of Appeals, Ninth Circuit. January 21, 1924.)

No. 4090.

1. **Mines and minerals ⬡125—Evidence that lessee damaged leased land held sufficient to go to jury.**

In an action for damages to land by lessee under a lease for the sole purpose of mining and operating for oil and gas, evidence that lessee used the property as a base for extensive operations on other lands, and that it did considerable damage in such use, *held* sufficient to go to jury.

2. **Mines and minerals ⬡121—Provision for damages added nothing to lessee's liability for a breach of covenant.**

Under a lease for the sole purpose of mining and operating for oil and gas, lessee's use of the land as a base of operations on other lands entitled lessor to damages, and a provision of the lease for damages to crops, fences, etc., added nothing thereto, except that, being in writing, it supported the construction adopted.

3. **Mines and minerals ⬡125—Difference in value of land before and after lessee's entry held proper measure of damages.**

In an action for damages to land by lessee under an oil and gas lease, it was not error to measure the damages by the difference in value of the land before and after lessee's entry, in the absence of evidence that the cost of restoring the land was less than such difference, especially where lessee failed to ask for any instructions, or to show that any other method would be more advantageous to it.

4. **Appeal and error ⬡216(1)—Objection to method of computing damages too late on appeal.**

Where no request for instructions as to method of computing damages to oil and gas lands by lessee was made at the trial, lessee, on appeal, could not raise the objection that another method should have been used.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by E. J. Fifer against the Franz Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. J. Marshall, of Lewiston, Mont., and Stewart & Brown, of Helena, Mont., for plaintiff in error.

Ford & Choate, of Helena, Mont., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Fifer, plaintiff below, recovered for damages done to certain ranch property owned by him and leased for three years to the corporation. The lease of the lands was "for the sole and only purpose of mining and operating for oil and gas, the laying of pipe lines and building of tanks, power stations, and structures thereon, to produce, save, and take care of said products," etc. Included in the lease were covenants for payment and drilling within certain time and also the following clause:

"The lessee further agrees to pay to the lessor any damages caused to growing crops, fences, or other damages upon said premises by the lessee or the lessee's agent."

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Plaintiff alleged that in carrying on its operations defendant opened and tore down part of the fences inclosing the leased lands, built roads and pipe lines thereon, and that it built tanks and pumping stations for the purpose of caring for and handling production of oil produced upon lands other 'than those belonging to plaintiff, and built a pumping station upon the lands of plaintiff, to supply water for its own operations in another field; also that the defendant carried on extensive oil operations on lands adjacent to and in the vicinity of the lands belonging to plaintiff, and made use of the right of entry upon plaintiff's lands in carrying on such operations, and that, by reason of the breaking down of the fences and the opening of roads, cattle entered the premises of plaintiff, damaged his crops, and that plaintiff was deprived of the use of the lands for farming and stock-raising purposes, and was obliged to abandon the use of them for such purposes, except in 1920, when he cut a partial crop of hay off a portion of the lands. Defendant denied any damage, and after trial to a jury judgment was entered in favor of the plaintiff below.

In the interpretation of the lease the lower court held that plaintiff could recover for injuries done to plaintiff's crops or pasturage, and for any damages done to plaintiff's fences on the leased land, and for any damages that the defendant did to the land itself, other than such damages as reasonably followed from the development of oil by the defendant upon the tract of land leased. The court instructed the jury that the corporation was not responsible for injuries to the land consequent upon the reasonable pursuit within the land for oil supposed to be there, or for injuries done by the erection of buildings, pumping plants, pipe lines, telephones, and the like, reasonably necessary for the purposes of taking oil out of the leased land, but that defendant would not be justified in making the land leased the basis of operations on surrounding lands that the defendant was engaged in taking oil from, and that if defendant did make use of the leased land as a base for operations, and by reason of that fact did greater injury than was the natural consequence of operations upon the leased land, then for such excess injury defendant would be liable to the plaintiff. To review the judgment the company brought writ of error.

[1] We find no substantial merit in the assignment that the verdict was not sustained by the evidence. Plaintiff below owned 160 acres as a ranch, had it inclosed, was farming part of it at the time the oil lease was made, and expected to continue to farm. His evidence showed that the lessee carried on extensive operations, not only upon the land leased, but upon other lands in the vicinity, and that, in hauling material and supplies used in the drilling of wells upon other lands, defendant used the roads upon plaintiff's place. It also tended to show that defendant built a pumping station upon the Fifer land that was not really necessary for any work on the leased land, and was not used on the Fifer tract, as the water used on the leased tract came by a gravity line from another well and from another place. Witnesses for the company testified that the pump and pipe lines installed were for use on the Fifer tract, though they were used to convey oil and water

on lands not leased. But it is fairly to be gathered from all the testimony that the company used the Fifer land as a base for extensive operations upon other lands, and did considerable damage in such use. That damage was done by tearing down and destroying fences, and that crops were injured as a result of the fences being down was established beyond any question. We think the court properly submitted the case, and that it was for the jury to find whether or not Fifer's land was used as a base of operations carried on by defendant in another field not belonging to plaintiff, and what was the extent of any damage done to the lands of the plaintiff as a result of the use of his land in operations, apart from those reasonably necessary in the development of the tract leased.

[2] We regard the clause of the lease hereinbefore quoted, whereby the lessee agreed to pay to the lessor damages to growing crops, fences, or other damages upon the premises, as adding nothing to the general liability assumed by the lessee. The lease was expressly for a sole and only purpose, and a cause of action accrued to the lessor upon breach of the covenant. Pulaski Oil Co. v. Conner, 62 Okl. 211, 162 Pac. 464, L. R. A. 1917C, 1190; 27 Cyc. 784, b. However, the fact that the clause was in handwriting is a circumstance in support of the construction adopted, as in accord with the intent of the parties.

[3, 4] It is argued in behalf of the company that the court erred in permitting testimony to show the value of the land before entry by defendant and the value after such entry, and in adopting such a criterion as a measure of damage. There was evidence by plaintiff as to diminution in value, but no testimony was introduced by defendant to show that the cost of restoring the land was less than the difference in value before and after the damage complained of; nor did defendant ask for any instruction on the point. The method stated by the court was a basis as to which there was evidence. Another might also have been proper, if the testimony warranted it; but, there being nothing justifying the belief that, if another method had been adopted, the result would have been to the advantage of the company, and defendant not having asked for instructions as to such method, surely the defendant cannot complain of the omission to charge as to such other method. Express Co. v. Kountze Bros., 8 Wall. (75 U. S.) 342, 19 L. Ed. 457; Shutte v. Thompson, 15 Wall. (82 U. S.) 151, 21 L. Ed. 123; Texas & P. R. Co. v. Volk, 151 U. S. 73, 14 Sup. Ct. 239, 38 L. Ed. 78; Eastern Oregon Land Co. v. Cole, 92 Fed. 949, 35 C. C. A. 100; Chicago G. W. R. Co. v. Healy, 86 Fed. 245, 30 C. C. A. 11; Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027; Manda v. Orange, 77 N. J. Law, 285, 72 Atl. 42.

We find no reason for disturbing the judgment.

Affirmed.