**Mary MARTINEZ, Appellant,**

v.

**SOUTHERN UTE TRIBE, a corporation, Appellee.**

**No. 6232.**

United States Court of Appeals
Tenth Circuit.

Dec. 18, 1959.

Rehearing Denied Jan. 7, 1960.

**732**

Bentley M. McMullin, Aurora, Colo. (Lewis M. Perkins, Durango, Colo., on the brief), for appellant.

Laverne H. McKelvey, Durango, Colo. (R. Franklin McKelvey, Durango, Colo., with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

Mary Martinez brought this action for a declaration of her status as a member of the Southern Ute Tribe of Indians and a finding that she should receive per capita payments to which the members of the tribe are entitled. Lack of diversity of citizenship is conceded and it was alleged that the controversy "arises under the laws of the United States, including 25 U.S.C. § 163 and § 676," and federal jurisdiction is asserted pursuant to the provisions of 28 U.S.C.A. § 1331.[1] The trial court thought that the claim asserted and the relief sought in the complaint, although pleaded in different form, were identical in substance to the claim and prayer made in a former case, between the same parties,[2] and for that reason dismissed the action for want of jurisdiction. In the former case we held that the allegations of the complaint did not present a controversy arising under the Constitution, laws or treaties of the United States.

In substance, the plaintiff alleges in this case that the Southern Ute Tribe of the Southern Ute Reservation is a recognized tribe of Indians, duly incorporated under the provisions of 25 U.S.C.A. § 477, with the corporate name of "Southern Ute Tribe"; that pursuant to the provisions of 25 U.S.C.A. § 676, the tribe, with the approval of the Secretary of the Interior, has designated the expenditure of tribal funds for the purpose of making per capita payments to all members of the tribe; that a membership roll of the tribe has been established by the Secretary of the Interior as authorized by the statutes of the United States, including 25 U.S.C.A. § 163; that according to said membership roll the plaintiff is a member of the tribe and entitled to per capita payments in excess of $4,500; that the defendant tribe wrongfully denies that the plaintiff is a member of the tribe and thereby prevents her from receiving the payments due her as such member.

It is quite clear from the allegations and prayer of the complaint in the first

---

1. 28 U.S.C.A. § 1331 reads:
 "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United

States." The action was filed prior to the amendment of this section.

2. Martinez v. Southern Ute Tribe of Southern Ute Reservation, 10 Cir., 249 F.2d 915, certiorari denied 356 U.S. 960, 78 S.Ct. 998, 2 L.Ed.2d 1067.

case, and in this case, that the basic purpose of each is to obtain a declaration that the plaintiff is a member of the tribal corporation and entitled to receive per capita payments due members thereof.

 Plaintiff contends that the specific allegations in her complaint that she is a member of the tribe by virtue of a membership roll prepared by the Secretary of the Interior pursuant to the provisions of 25 U.S.C.A. § 163, and that the tribal council has designated, and the Secretary has approved, the expenditure of tribal funds for per capita payments to all members, are sufficient to establish that there is a controversy between the parties arising under the laws of the United States. Section 163 is a general statute authorizing the Secretary of the Interior to cause a final roll to be made of the membership of any Indian tribe, which roll, when approved, shall constitute a legal membership of the respective tribes for the purpose of segregating the tribal funds as provided for in 25 U.S. C.A. § 162.[3] Clearly it is the recently enacted Section 676, not Section 163, which provides for the expenditure and disposition of the tribal funds of the defendant tribe as per capita payments. It states that:

"Notwithstanding any other provisions of existing laws, the tribal funds * * * may be expended or advanced for such purposes and in a manner, including per capita payments, * * * as may be designated by the Southern Ute Tribal Council and approved by the Secretary of the Interior."

In unmistakable language, this controlling statute permits the defendant tribe, subject only to the approval of the Secretary of the Interior, to designate how its funds shall be disposed of, which includes the power to designate that per capita payments be made to its members. It becomes operative as to the plaintiff only when the tribal council designates her as a member of the tribe for the purpose of per capita payments, and the des-

ignation is approved by the Secretary of the Interior. While it is true that if the plaintiff is to receive per capita payments they will be paid to her as authorized by the provisions of § 676, it does not follow that a federal question is presented. As stated in our former decision, the case of Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70, sets forth the essential test to determine the presence of a federal question, where it is said:

"'* * * To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * *.'" (Citations omitted.)

Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205, was an action brought to determine conflicting claims to a tract of allotted land in the Creek Indian Nation. With reference to federal jurisdiction arising out of federal law, the court said:

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the central and western states would so arise,

3. Section 162 was repealed in 1938 and Section 162a, which dealt with the same subject matter, was passed. Act of June 24, 1938, Ch. 648, § 1, 52 Stat. 1037.

as all titles in those states are traceable back to those laws."

In Andersen v. Bingham & Garfield Railway Co., 10 Cir., 169 F.2d 328, 330, 14 A.L.R.2d 987, 990, this court used similar language wherein it was said:

"* * * In order for a suit to be one arising under the laws of the United States within the meaning of the removal statute, it must really and substantially involve a dispute or controversy in respect of the validity, construction, or effect of such laws, upon the determination of which the result depends. A right or immunity created by the laws of the United States must be an essential element of the plaintiff's cause of action, and the right or immunity must be such that it will be supported if one construction or effect is given to the laws of the United States and will be defeated if another construction or effect is given. And a genuine and present controversy of that kind must be disclosed upon the face of the complaint, unaided by the petition for removal or the answer. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900."

The law is settled that "a mere statement that a construction of certain federal statutes is involved in a case is not sufficient to bestow such jurisdiction. The dispute must involve a substantial question as to construction of the federal statutes, and not a colorless or frivolous one, * * * or a mere makeshift, for the purpose of securing such jurisdiction." Jefferson v. Gypsy Oil Co., 8 Cir., 27 F.2d 304, 305. An Indian, because he is an Indian, has no greater right to sue in Federal Court than any other litigant. Deere v. St. Lawrence River Power Co., 2 Cir., 32 F.2d 550.

■■■ Plaintiff's claim does not depend upon a construction of a Federal statute. It is based entirely upon a failure of the tribe to designate her as one entitled to per capita payments. If the plaintiff has rights under § 676, the relief sought in the complaint does not involve the application of that section. The plaintiff seeks a decree which, in effect, would direct the tribe to designate her as one of its members and thereby entitle her to tribal benefits. There is no allegation that the Secretary, who is not a party to the action, refused to make designated payments provided for in § 676. In the former case, following the general rule, we held that "in [the] absence of express litigation by Congress to the contrary, a tribe has the complete authority to determine all questions of its own membership, as a political entity." [249 F.2d 920.] Plaintiff's statement of her claim plainly discloses that it is one entirely between plaintiff and the tribe,[4] and has no relation to Federal statutes except insofar as they might apply if the tribe recognizes and designates her as a member.

"Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute * * *, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 75, 34 S.Ct. 724, 58 L. Ed. 1218.

Affirmed.

4. The sole purpose of this action is, in effect, to require the tribe to qualify the plaintiff for benefits referred to in § 676. The plaintiff claims that right by virtue of her presence on the roll established pursuant to § 163. A declaration by this Court that such contention was correct would not require the tribe to do or to refrain from doing anything. It would, as between the parties to this suit, accomplish nothing.