**MIDWESTERN DEVELOPMENTS, INC.,**
Appellant,

v.

**The CITY OF TULSA, OKLAHOMA, a municipal corporation, Appellee.**

**No. 7511.**

United States Court of Appeals
Tenth Circuit.

July 11, 1964.

Rehearing Denied Aug. 19, 1964.

See also 319 F.2d 53.

Robert J. Woolsey, of Farmer, Woolsey, Flippo & Bailey, Tulsa, Okl., for appellant.

John Robert Seelye, Tulsa, Okl. (Charles E. Norman, City Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment dismissing, for lack of federal jurisdiction, a claim brought under 28 U.S.C. § 1331 as one involving requisite amount in controversy and arising out of federal law. The suit sought to quiet title to and recover damages for the taking of a strip of land in Tulsa County, Oklahoma, formerly part of a railroad right-of-way over a Creek Indian allotment. The trial Court did not think that the "necessary allegations" of the complaint stated a claim arising under federal law. We cannot agree.

The complaint alleged the allotment of the land to the Indian allottee, as provided by federal law, and execution by the allottee of a "Right-Of-Way Deed," purporting to convey to the railroad a strip of land 150 feet wide, over a portion of the allotment. It further alleged that through mesne conveyances the appellant, Midwestern Developments, Inc., acquired title to a portion of the allotted land abutting the right-

of-way. It then alleged that the railroad company had conveyed, or attempted to convey, a 60 foot strip of the right-of-way abutting appellant's land, to the City of Tulsa for non-railroad purposes; that such conveyance constituted an abandonment of the strip of land for railroad purposes; and, that by force of federal law (Enid-Anadarko Act, February 28, 1902, 32 Stat. 43), pursuant to which the right-of-way was originally granted, the strip of land involved here reverted to appellant as the present owner of the abutting property. It was alleged that the City of Tulsa claims title to the strip of land in fee simple adverse to appellant, and the prayer is for judgment quieting title and damages in reverse condemnation for the taking of the land.

■ We know, of course, that a claim does not arise out of the laws of the United States so as to confer federal court jurisdiction merely because it may have its origin or source in federal law. The asserted right must depend upon the operative effect of federal law, i. e., the result of the suit must depend upon the construction and effect of such law. See: Prairie Band of Pottawatomie Tribe of Indians v. Puckkee (10 CA), 321 F.2d 767, and cases cited. And, in determining whether the complainant has stated a genuine and substantial federal question on which the result depends, we look beyond the naked allegations and to the statement of his own claim "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218. See: Viles v. Symes (10 CA), 129 F.2d 828; Martinez v. Southern Ute Tribe (10 CA), 273 F.2d 731; and Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, supra. Cf. Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413. But, jurisdiction to entertain the subject matter of the lawsuit does not depend upon whether the suitor is entitled to prevail. The court does not judge the merits of the lawsuit to determine jurisdiction. It will examine the plaintiff's pleadings to determine only whether the asserted claim has a substantial basis in federal law and is not merely a colorable statement that the claim does so arise.

■ The Right-Of-Way Deed in question is shown to have been executed in September, 1902, after the effective date of the Enid-Anadarko Act. That Act did grant to the Enid and Anadarko Railway Company the right to locate, operate and construct a railroad through the Indian Territory, and that railroad was authorized to "take and use for all purposes of a railway, and for no other purpose, a right-of-way * * *," provided that no part of such right-of-way "shall be leased or sold"; and, that when any portion shall cease to be used for railway purposes, such portion shall revert to the Tribe of Indians from which the same shall have been taken. This part of the statute has specific reference to the Enid and Anadarko Railway Company, which did not acquire and was never interested in this particular right-of-way. But, Section 13 of the Act does purport to grant "to any railway company" the right to locate, construct and maintain a railroad into and through the Indian Territory, together with the right to take and condemn lands for right-of-way purposes "in or through any lands in said Territory which have been or may hereafter be allotted in severalty to any individual Indian or other person * * *."

Appellee contends that no part of this Act is applicable to the right-of-way grant in this case and does not, therefore, operate to condition the nature of the estate acquired by the right-of-way deed from the Indian allottee. Such may well be the case. It may be that this case is clearly distinguishable from right-of-way cases over Indian lands in which federal jurisdiction has been sustained. See: St. Louis-San Francisco Railway Company v. Walter (10 CA), 305 F.2d 90, and cases cited. But, in this posture of the case, we do not decide the merits of the lawsuit and we express or imply no opinion. It is sufficient that the stat-

ute invoked as determinative of the nature of the estate granted is not clearly inapplicable, and the complaint based thereon is not, therefore, wholly without foundation.

We hold that the complaint does state a claim for relief under federal law, and the case is accordingly reversed for trial on the merits.