A. C. McKOY, INC., a corporation, Appellant,

v.

Fred P. SCHONWALD, M. P. Craig, Seymour G. Hootkins and B. E. Oil Inc., a corporation, Appellees.

No. 7833.

United States Court of Appeals
Tenth Circuit.

Feb. 16, 1965.

Carloss Wadlington, Ada, Okl., for appellant.

Hal D. Leaming, Oklahoma City, Okl. (James L. Burton, Tulsa, Okl., on brief), for appellees.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

The appellant sued appellees to quiet title to its mineral interests in a 20-acre tract of land in Oklahoma. Federal jurisdiction is based upon an asserted federal question and requisite amount in controversy. See 28 U.S.C. § 1331(a).

The trial court dismissed the action on alternative grounds, (1) insufficiency of requisite amount in controversy, and (2) on the merits. We affirm the dismissal for insufficiency of the amount in controversy, hence do not reach the merits.

All the jurisdictional elements must be affirmatively shown. Jurisdictional allegations are usually sufficient, but they must be well founded, and when challenged, the complainant must show that they have substance and are not merely colorable for the purposes of conferring jurisdiction. Jurisdiction does not depend on whether the claim can be sustained or the requisite amount in controversy recovered.[1] But, if from the pleadings or proof the court is satisfied that the asserted claim is not well founded in federal law, i. e., Prairie Band of Pottawatomie Tribe of Indians et al. v. Puckkee, 10 Cir., 321 F.2d 767. Cf. Midwestern Developments, Inc. v. City of Tulsa, Oklahoma, a Municipal Corporation, 10 Cir., 333 F.2d 1009; or if it appears to a "legal certainty that the claim is really for less than the jurisdictional amount * * *", the suit must be dismissed as improvidently brought. See Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890; F & S Construction Co. v. Jensen, 10 Cir., 337 F.2d 160. See also Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

1. Section 1331(b) contemplates recovery for less than the requisite amount without loss of jurisdiction, and in order to discourage suits of that sort provides that "where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,000, * * * the district court may deny costs to the plaintiff and in addition impose costs on the plaintiff."

The jurisdictional allegations are to the effect that after McKoy gave Schonwald an oil and gas lease covering his mineral interests in the 20-acre tract, Schonwald completed an oil and gas well on an adjoining lease and secured a well-spacing order from the Oklahoma Corporation Commission which unitized the McKoy lease with the producing lease and now claims that the unitization order operated to extend the McKoy lease beyond its primary terms. McKoy says the well-spacing order was obtained without notice to him and has the effect of taking his property (extending the terms of his lease) without due process of law; that the purported lease as thus extended is a cloud on his title to the mineral interests; and if removed, the mineral rights will have a value in excess of $10,000. Otherwise stated, Schonwald's lease is said to depreciate or lessen the claimant's interest in the minerals in the land in excess of $10,000.

The pecuniary value of the matter in dispute for the purposes of jurisdiction may be determined not only by the money judgment sought (See Horton v. Liberty Mutual Ins. Co., supra), but in cases like ours by "the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment. Thus a suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which their use and enjoyment by the owners are impaired, is brought within the cognizance of the court, under the statute only by the value of the property affected." Smith v. Adams, 130 U.S. 167, 175, 9 S.Ct. 566, 569, 32 L.Ed. 895; Ronzio, et al. v. Denver & R. G. W. R. Co., 10 Cir., 116 F.2d 604.

In our case the "matter in controversy" is the oil and gas lease. The value of the mineral interest is directly affected by the incidence of the oil and gas lease, and the object of the suit is to cancel the lease as a cloud on the title to the mineral interest. So, the amount in controversy is the diminished value of the mineral interest burden with the lease or the increased value without the lease.

On the motion to dismiss, Schonwald introduced testimony to the effect that the mineral interest under the 20 acres, if unencumbered by the lease, would be worth about $50 per acre. This means, of course, that the amount in controversy is far less than the jurisdictional prerequisite.

McKoy testified that the royalty subject to the lease was worth $400 per acre, and that the lease would be worth seven times that amount or $2,800 per acre. The trial court chose to believe Schonwald's witnesses and dismissed the suit for lack of jurisdiction "without prejudice." The trial court's findings are well within the evidence on the jurisdictional issue, and its judgment is affirmed.