Joseph G. SIMPSON and Louise Simpson, husband and wife, Appellants,

v.

STATE OF UTAH, Utah State Department of Fish and Game, Utah State Land Board, Island Ranching Company, a corporation, Morton Salt Company, a corporation, and A. L. Fowers and Clara Fowers, his wife, Appellees.

Wiley FOWERS and Lorraine Fowers, husband and wife, Appellants,

v.

STATE OF UTAH et al., Appellees.

Nos. 8377, 8378.

United States Court of Appeals Tenth Circuit.

Aug. 30, 1966.

Glen E. Fuller, Salt Lake City, Utah, for appellants.

Gary A. Frank, Asst. Atty. Gen., Salt Lake City, Utah (Phil L. Hansen, Atty. Gen., Salt Lake City, Utah, on the brief), for appellees.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

These appeals are taken from orders of the District Court for the District of Utah dismissing the actions of plaintiffs-appellants for lack of jurisdiction. By complaints filed in such actions, appellants had sought to quiet title to described lakeshore lands of the Great Salt Lake located in Davis County, Utah. The described lands, once covered by the waters of the Great Salt Lake, are now exposed because of the gradual receding of the lake waters during the last century. The appellate issue is whether the title dispute to such reliction lands constitutes a controversy arising under the laws of the United States so as to found federal jurisdiction upon 28 U.S.C. § 1331(a).[1] The extent of the controversy must, of course, be measured and limited by the allegations of the complaints without regard to conclusionary allegations of the existence of jurisdiction or to allegations anticipatory of the defendants' claims or defenses. Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Midwestern Developments, Inc. v.

---

1. This section provides:
    "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

City of Tulsa, Oklahoma, 10 Cir., 333 F.2d 1009, and cases cited. It must appear at the outset that the suit is one determinative by and dependent upon an interpretation of the Constitution, laws or treaties of the United States and "[t]o be observant of these restrictions is not to indulge in formalism or sterile technicality." Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 673, 70 S.Ct. 876, 880, 94 L.Ed. 1194.

The allegations of plaintiffs' complaints may be narrated.

The Great Salt Lake lies in a flat, shallow basin situated in north central Utah. In 1855 and 1856 the then existing meander line of the lake was established by federal survey. Some forty-one years later, on January 4, 1896, Utah was admitted to statehood in the Union. During this period and since, the water level of the Great Salt Lake has fluctuated and, because of the shallow nature of the lake and the flat lake bed, a very slight variation of the water level causes substantial variation in the amount of land exposed or covered by water. The long term trend of the water level has been down so that more and more land has been exposed between the original survey date, the date of statehood and the present.

Plaintiffs assert themselves to be owners in fee simple of described lands lying contiguous and riparian to the original surveyed meander line. Title was obtained "by virtue of patents or other forms of acquisition from the United States of America" issued shortly after the year of statehood, 1896, at which time exposed lands existed between the surveyed meander line of 1855–6 and the actual and then existing high water mark of the lake shore.

■■ The trial court properly dismissed the actions for want of jurisdiction. Appellants' complaints present nothing more than an assertion that appellants are owners of riparian lands described by reference to a federal survey in a federal patent as the instrument of title origin and that the receding waters of the Great Salt Lake have exposed lands to which appellants now make claim as a legal incident to their ownership of contiguous lands. No federal jurisdiction is made to appear for a controversy over lands is not recognizable under section 1331 simply because title can be traced to a patent issued by the United States. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205. Appellants' patents need no construction, and no claim of error in their issuance is made as in Borax Consolidated Ltd. v. City of Los Angeles, 296 U.S. 10, 22, 56 S.Ct. 23, 80 L.Ed. 9. Such patents carry title to the lands described therein and any further claim to reliction lands must be premised upon the substantive law of the state or federal government. Federal jurisdiction is not present in either case. McGilvra v. Ross, 215 U.S. 70, 30 S.Ct. 27, 54 L.Ed. 95; Foster v. Herley, 330 F.2d 87. Nor do appellants' arguments or the fact that the disputed issue of the navigability of the Great Salt Lake at the time of Utah's statehood [2] is undecided serve to bolster the allegations of appellants' complaint. This factual issue of navigability, referred to as a federal question, United States v. State of Oregon, 295 U.S. 1, 55 S.Ct. 610, 79 L.Ed. 1267; United States v. State of Utah, 283 U.S. 64, 51 S.Ct. 438, 75 L.Ed. 844; United States v. Champlin Refining Co., 10 Cir., 156 F.2d 769, aff'd 331 U.S. 788, 67 S.Ct. 1346, 91 L.Ed. 1818, is not presented by the allegations of the complaint and also is not claimed by appellants to be determinative of their rights. Appellants claim title to the disputed lands whether the lake was navigable or not.

Affirmed.

2. This issue has risen in disputes between Utah and the United States involving the bed and shores of the Great Salt Lake and is now a subject being considered by the Congress. And see 70 Interior Decisions 27–64.