**MOUNTAIN FUEL SUPPLY COMPANY,**
**a Utah corporation, et al., Appellants,**

v.

**Emory C. SMITH and Verland E. Smith,**
**Appellees.**

**No. 72–1149.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 12, 1972.

Decided Jan. 8, 1973.

---

Brent J. Giauque (Glen M. Hatch, of Crawford, Hatch, Kirsch, Mollinet & Bates, and Leonard J. Lewis, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, with him on the brief), for appellants.

Glen E. Fuller, Salt Lake City, Utah (Orval C. Harrison, Salt Lake City, Utah, with him on the brief), for appellees.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This is an action by mineral lessees to enjoin the defendants, who are surface owners of land, from interfering with plaintiffs' use of a road on defendants' tract for hauling oil from producing wells on adjoining lands.

The defendants moved for summary judgment which was granted. The trial court signed on December 20th a judgment which dismissed the action and enjoined plaintiffs from entering defendants' lands. Some days later, on January 3d, the court signed another judgment which granted defendants' motion for judgment on the pleadings ". . . on the ground that the Court is without jurisdiction to entertain the action."

The defendants are the owners, and from the record before us, appear to be owners in common of the surface of lands in Utah used by them for grazing sheep. These interests were originally granted under eleven separate patents by the United States to the original entrymen under the Act of July 17, 1914. Defendants have acquired these titles. In the patents, and under the Act, the United States reserved the minerals together with so much of the surface as ". . . may be required for all purposes reasonably incident to the mining and removal of the minerals therefrom. . . ." The plaintiffs are oil and gas lessees under several leases issued by the Secretary of the Interior for the Ute Indians, the mineral owners, and from others. Some production here involved is from non-Indian and non-United States lands leased by plaintiffs.

More particularly, the record shows that the plaintiffs have producing wells in Sections 22 and 24 of Township 3 South, Range 7 West, and in Sections 19 and 20 of Township 3 South, Range 6 West, Uintah Special Meridian, Utah. The plaintiffs are hauling the production from the above wells by truck across the defendants' surface lands in Sections 24, 23, 22 and 21 in Township 3 South, Range 7 West, on a non-public road built by plaintiffs to connect with United States Highway 40. As is apparent from their description, the six sections described above are contiguous, and form a strip one mile wide from north to south and six miles long east to west. The defendants have no interest in Sections 19 or 20 of Township 3 South, Range 6 West. The Indians own the minerals in Section 19, but Section 20 is owned by non-Indians. The road is similarly used by plaintiffs for exploration and development of lands, the surface of which is owned by defendants and by others. The area concerned is

unitized for oil and gas production pursuant to Utah statutes.

The plaintiffs assert their right to use the defendants' surface under the reservation in the Acts referred to above, and in the patents, for development and production anywhere in the general area and thus outside defendants' surface area. Plaintiffs thus assert that this is an action arising under the laws of the United States [28 U.S.C. § 1331].

■ We hold that the complaint does so allege an action under 28 U.S.C. § 1331, and the trial court had jurisdiction of the parties and the cause. The trial court considered the issues, but found, as we understand it, no facts entitling plaintiffs to utilize the statute. Thus it gave judgment on the pleadings for the defendants. The particular form of judgment is not of significance in our consideration, as the trial judge passed on the pertinent issue.

The statutory authority for issuance of the patents is referred to above, and need not be quoted here. This provision controls the reservation of minerals, and reserves the necessary use of the surface. The issue on appeal is whether the surface may be used for development and production on lands of others. We hold in accordance with the authorities hereinafter discussed that the defendants' surface may not be used for development on, or the hauling of production from, the lands of others. However, we also hold that under this record, the surface lands of defendants constitute but one tract in construing the existing reservations in the United States.

■ The authorities clearly hold that a surface owner of a tract of land on which minerals were reserved to the Government when patented under the Act of July 17, 1914, may object to surface use of his lands by an oil and gas lessee for operations conducted upon other lands under a different ownership.

As to the relationship of the surface owner and a mineral lessee generally, the Supreme Court in Kinney-Coastal Oil Co. v. Kieffer, 277 U.S. 488, 48 S.Ct.

580, 72 L.Ed. 961, considered an attempted interference with the surface use of the tract upon which the oil and gas lessee planned development. This was a case arising in Wyoming (8 Cir., 9 F.2d 260), and concerned lands which had been withdrawn from entry because they were within a known oil and gas field. The Act of July 17, 1914 [38 Stat. 509, 30 U.S.C. §§ 121 and 122], provided for later entry and disposal subject to a reservation of the minerals. The Supreme Court considered the 1914 Act with the Mineral Leasing Act of 1920 [41 Stat. 437], and said that the 1914 Act contemplated the severance and separate disposal of the surface and the minerals. The Court further said:

> "The acts of 1914 and 1920 are to be read together—each as the complement of the other. So read they disclose an intention to divide oil and gas lands into two estates for the purposes of disposal—one including the underlying oil and gas deposits and the other the surface—and to make the latter servient to the former, which naturally would be suggested by their physical relation and relative values. . . . . In effect therefore a servitude is laid on the surface estate for the benefit of the mineral estate to the end, as the acts otherwise show, that the United States may realize, through the separate leasing, a proper return from the extraction and removal of the minerals."

This authority is certainly sufficient to define the relationship of the interests conveyed by the Government.

In Franz Corp. v. Fifer, 295 F. 106 (9th Cir.), the court held that a jury could consider the question of fact as to whether the plaintiffs' surface tract had been used as a base for operations on other lands, and could assess damages if so used. See also Wiser Oil Co. v. Conley, 346 S.W.2d 718 (Ky.App.), and Holbrook v. Continental Oil Co., 73 Wyo. 321, 278 P.2d 798. The most frequently cited case on the point is Bourdieu v. Seaboard Oil Corp., a California case reported at 38 Cal.App.2d 11, 100 P.2d

528; 48 Cal.App.2d 429, 119 P.2d 973, and 63 Cal.App.2d 201, 146 P.2d 256. There damages were permitted for use of plaintiffs' Section 30 for production and development on tracts of land belonging to others although apparently within the same lease and unit.

These decisions are in accord with the basic concepts of the law of property elsewhere applied. The question has also been considered in a number of cases concerning coal mining, and the doctrine is there well developed. These cases are collected in the annotation at 83 A.L.R.2d 665. See also as to oil and gas lessees, 1 Rocky Mountain Mineral Law Institute 85; 7 Rocky Mountain Mineral Law Institute 607; 8 Rocky Mountain Mineral Law Institute 315; Sixth Annual Institute on Oil and Gas Law and Taxation, Southwestern Legal Foundation 231; and the Thirteenth Annual Institute of the same at p. 377; 1 Oil & Gas Law, Williams & Meyers, § 218.4; Ter Haar v. Kettleman North Dome Ass'n, 34 F.Supp. 823 (S.D.Cal.).

■ Thus the doctrine considered above concerns the use of property of one owner for development on, or use of, the property of another. This difference in ownership is, of course, the basic reason for the restriction or limitation on the mineral owner or lessee. Considering this general doctrine together with the specific servient-dominant relationship defined in Kinney-Coastal Oil Co. v. Kieffer, it is apparent that here initially the eleven separate patents, insofar as they issued to separate patentees, created eleven surface tracts in separate ownership. Had there been mineral development commenced at that time it would have to have been conducted with regard to the separate surface ownerships. This is indicated in the authorities above considered. However, with the convergence of the several surface titles in the defendants, the reason for treatment of the surface as composed of eleven separate tracts no longer exists. Thus there is now, according to the record, but one surface tract in common ownership of the defendants to be considered in the permitted use of the servient estate by the mineral owner or its lessee. It is, however, apparent that the lessees are restricted in their use of the surface by the geographic extent of their particular lease or leases, and to the extent they may have been formally modified. The fact that the field has been unitized is of no significance other than to the extent that the particular leases covering the minerals under the defendants' surface may have been actually and legally modified thereby as to the issues raised in this suit.

■ The trial court was thus correct insofar as it held that the plaintiffs could not use defendants' surface for development on the lands of others or to haul over such surface the production from the lands of others. However, as described above, the "tract" of defendants is but one, and includes the combined area of the original eleven patents. However, the trial court did have jurisdiction of the suit, and the final judgment should have so indicated.

The judgments of the trial court are vacated and the action is remanded for further proceedings in accordance with this opinion. If it is determined that the defendants did not own the entire surface tract in common when the action was filed, then their respective areas of surface ownership are to be considered as two separate tracts in application of this opinion.