**TEXACO INC., a corporation, Plaintiff-Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, a corporation, Defendant-Appellee.**

**No. 72-1758.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 23, 1973.

Decided July 13, 1973.

Elmer W. Adams, Tulsa, Okl. (Philip R. Wimbish, Tulsa, Okl., on brief), for plaintiff-appellant.

Don L. Jemison, Bartlesville, Okl. (Kenneth Heady, Bartlesville, Okl., and Richard B. McDermott, Tulsa, Okl., on brief), for defendant-appellee.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question is whether the complaint of plaintiff-appellant Texaco Inc. states a controversy arising under the laws of the United States. If it does, federal court jurisdiction lies under 28 U.S.C. § 1331(a). Otherwise, there is no federal jurisdiction. The district court sustained the motion to dismiss of defendant-appellee Phillips Petroleum Company and dismissed the action on the ground that there was no federal question jurisdiction. We reverse.

We have here another controversy over helium. The basic background is outlined in our decision in the Consolidated Helium cases. See Northern Natural Gas Company v. Grounds, 10 Cir., 441 F.2d 704, cert. denied, 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267, 404 U.S. 1063, 92 S.Ct. 732, 30 L.Ed.2d 751, and 404 U.S. 1065, 92 S.Ct. 732, 30 L.Ed.2d 754. We there held that lessee-producers of natural gas could recover the reasonable value of contained helium out of interpleader funds created by the government's purchases of helium from helium extraction companies and parent pipeline companies. In Consolidated Helium, federal jurisdiction was invoked under the Federal Interpleader Act, 28 U.S.C. § 1335, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402, and 2674, and the Tucker Act, 28 U.S.C. § 1346(a)(2). None of those jurisdictional grounds are found in the case at bar.

Diversity of citizenship is not present. More than the jurisdictional amount is admittedly at stake. The only basis for federal jurisdiction is 28 U.S.C. § 1331(a) which confers jurisdiction when "the matter in controversy * * * arises under the * * * laws * * * of the United States." Phillips says that the complaint presents no more than a simple, common law, contract action and does not pertain to any right or immunity created by any law of the United States.

The complaint alleges that plaintiff, a lessee-producer, and defendant are natural gas companies within the scope of the Natural Gas Act; that plaintiff has made written contracts to sell gas to defendant for movement in interstate commerce; that for several years defendant has separated out the helium content of the gas and sold it; that defendant has

not paid plaintiff for the helium contained in, and separated from, the gas; and that plaintiff has a right under the Natural Gas Act, 15 U.S.C. § 717 et seq., and under § 11 of the Helium Act amendments, 50 U.S.C. § 167i, to be paid for the helium.

It is said in Wright, Fed. Courts 2d H.B., p. 55, that no "clear test has yet been developed to determine which cases 'arise under' the Constitution, laws, or treaties of the United States." The leading case on the subject is Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. The Court recognized these tests, Ibid. at 112–113, 57 S. Ct. 96: (1) a right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action; (2) the right or immunity must be such as will stand or fall on the construction or effect of the federal Constitution or laws; (3) the controversy must be genuine and present; and (4) the controversy must be disclosed on the face of the complaint, unaided by the answer or the petition for removal.

We have recognized and applied the Gully tests in Regents of New Mexico v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900 (jurisdiction upheld in suit asserting rights under Communications Act of 1934 and regulations issued thereunder); Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 10 Cir., 321 F.2d 767 (jurisdiction denied in suit for declaration of rights in congressionally appropriated funds for payment of money judgment of the Indian Claims Commission); and Midwestern Developments, Inc. v. City of Tulsa, Oklahoma, 10 Cir., 333 F.2d 1009, cert. denied, 379 U.S. 989, 85 S.Ct. 702, 13 L. Ed.2d 610 (jurisdiction upheld in suit relating to right of way granted under the Enid-Anadarko Act). In Mountain Fuel Supply Company v. Smith, 10 Cir., 471 F.2d 594, a suit involving rights under land patents granted pursuant to the Act of July 17, 1914, we upheld jurisdiction without discussion of Gully.

In Consolidated Helium we considered the claims of the pipelines and helium separation companies that they were entitled under their gas purchase contracts to receive the entire gas stream at the Federal Power Commission service rate and said that "private contract law and the principles applicable thereto are not controlling." 441 F.2d at 722. No good purpose would be served by repeating our analysis of the Natural Gas Act and the 1960 Helium Act amendments. We held that, Ibid. at 723:

"  *   *   *   the reconciliation of the Natural Gas Act and of the 1960 amendments to the Helium Act to attain a symmetrical whole requires the conclusion that the FPC service rates do not apply to deny recovery for the contained helium which is processed in the separation plants."

In holding that it had no jurisdiction, the trial court said that the judgment in Consolidated Helium does not raise a federal question which will support jurisdiction under § 1331(a). We agree that the judgment will not itself support that jurisdiction. See Metcalf v. Watertown, 128 U.S. 586, 588, 9 S.Ct. 173, 32 L.Ed. 543, and Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 10 Cir., 321 F.2d 767, 770.

The trial court went on to say that the Natural Gas Act did not abrogate the contracts and that neither that Act nor the 1960 Helium Act amendments created any right in the plaintiff. In Consolidated Helium we recognized that the Natural Gas Act did not abrogate private rate contracts as such, 441 F.2d at 720, and pointed out that price and other provisions of contracts for the interstate sale of natural gas have largely been nullified by Federal Power Commission regulations and orders. The trial court construed our decision in Consolidated Helium as permitting recovery by lessee-producers "on principles of equity by a reconciliation of federal statutes which did not abrogate existing gas contracts." We thought that we made plain that we did not allow recovery on the application of any principles

of equity, see 441 F.2d at 719–720, but on the ground that satisfactory utility regulation does not permit a utility rate to be used to obtain a commodity which is not within the contemplation of that rate. 441 F.2d at 720 and 722–723.

We adhere to our decision in Consolidated Helium. Absent circumstances not present there or disclosed on the record now before us, recovery of the value of helium separated from gas moving interstate can be had only by reconciliation and application of the Natural Gas Act and the 1960 amendments to the Helium Act, not under contract law or principles of equity. We reject defendant's assertion that Consolidated Helium was an interim decision. The Supreme Court denied certiorari, 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267, 404 U.S. 1063, 92 S.Ct. 732, 30 L.Ed.2d 751, and 404 U.S. 1065, 92 S.Ct. 732, 30 L.Ed.2d 754. The decision is final and is the law of this circuit. We say nothing on plaintiff's claim that Consolidated Helium is res judicata on the issues presented here. We are concerned with jurisdiction, not with the merits.

We have here a genuine and present controversy disclosed on the face of the complaint and not asserted in anticipation of any defense. Plaintiff presents a substantial claim resting on a reasonable foundation. The right asserted under federal laws is an essential element of plaintiff's case which must stand or fall on the construction or effect of the federal laws. The tests announced in Gully have all been met.

One further matter should be mentioned. In Consolidated Helium we pointed out that there are over 30,000 persons receiving income from helium-bearing natural gas produced by over 500 lessee-producers under thousands of leases. 441 F.2d 710 and 715. The Supreme Court said in Gully, 299 U.S. at 117, 57 S.Ct. at 100:

> "This Court has had occasion to point out how futile is the attempt to define a 'cause of action' without reference to the context. * * * To define broadly and in the abstract 'a

case arising under the Constitution or laws of the United States' has hazards of a kindred order. What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation. One could carry the search for causes backward, almost without end."

The problems relating to the recovery of the value of the helium content of natural gas traveling in interstate commerce have arisen because of, and under, federal statutes. Plaintiff asserts rights under those statutes and is entitled to sue in federal court. We believe that the federal courts have jurisdiction under 28 U.S.C. § 1331(a).

The judgment is reversed and the case remanded for further proceedings.

WILLIAM E. DOYLE, Circuit Judge (dissenting):

I respectfully dissent. Although the claim which is here presented bears a relationship to federal law, namely, the Natural Gas Act, 15 U.S.C. § 717 et seq. and the Helium Act, 50 U.S.C. § 167 et seq., the relationship is not sufficiently close to justify holding that this cause arises under federal law. The claim in question is based on a contract express or implied (in law) and the granting of relief does not require consideration, construction or interpretation of a federal statute. The fact that federal law is indirectly related to the controversy or that federal law may be an insubstantial ingredient of the claim is not sufficient.

The doctrine enunciated by Chief Justice Marshall in Osborn v. Bank of United States, 9 Wheat. 738, 6 L.Ed. 204 (1824), has long since been repudiated. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916) by Justice Holmes holding that libel and slander of a patent is lacking in federal jurisdiction since the state law governs and the patent law does not preempt merely because it involves a patent.

A similar result has been enunciated in a case involving the scope of a real estate patent where the dispute concerned accretion in an area bounded by the Mississippi River. Joy v. City of St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L. Ed. 776 (1906). Shoshone Mining Co. v. Rutter, 177 U.S. 505, 507, 20 S.Ct. 726, 44 L.Ed. 864 (1900), an action to enforce a right arising under a patent issued in connection with a mining claim issued by the Commissioner of the General Land Office, is also illustrative. In Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 12 (1912), the Supreme Court in an often quoted passage stated:

> A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends.

Professor Wright in his Law of Federal Courts (2d ed.) § 17 concedes that this area of the law is somewhat vague, but states unequivocally that federal law must be an essential element in the case. He recommends Professor Mishkin's test [1] "that for original federal jurisdiction there must be 'a substantial claim founded directly upon federal law.'" The cases appear to support the concept expounded in this test.

Turning to natural gas cases, we find that jurisdiction has been refused where the subject matter was similar to that in the instant case. See, e.g., Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), wherein a pipeline company had purchased gas from the petitioners. It was ordered by the Kansas Corporation Commission to pay higher rates. It did so under protest, alleging that since it was subject to Federal Power Commission jurisdiction the Kansas Commission could not exercise jurisdiction over it. The Supreme Court later sustained this contention. 355 U.S. 391, 81 S.Ct. 1303. Subsequently, Pan American brought suit in Delaware State Court to recover overpayments. The suppliers filed a petition for a writ of prohibition in the Delaware Supreme Court contending that the action fell within the exclusive jurisdiction of the federal courts under the Natural Gas Act. The Delaware court rejected this contention and the Supreme Court affirmed. The holding of the Supreme Court was that the action was governed by state law, not federal; that determination of the suit did not depend upon federal law. The fact that the prices to be paid were measured by rates filed with or promulgated by the Federal Power Commission did not create a question cognizable in a federal trial court.

The Supreme Court's earlier decision in Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), dealt with contracts for the supply of gas reserves for a pipeline. The contracts provided that the supplier could terminate if the purchasers were unable to obtain a certificate of public convenience and necessity from the Federal Power Commission. A conditional certificate was issued. However, the supplier gave notice of termination stating that the certificate was not as contemplated. Suit was brought in federal court seeking a declaratory judgment that the contracts were in effect. The district court and the court of appeals found that the action arose under federal law, but the Supreme Court reversed and ordered that the case be dismissed for lack of federal question jurisdiction. The basis for the Court's decision was that the cause arose under state law. The Court pointed out that the claim did not present in and of itself a federal question involving as it did a question of substantive contract law. The presence of a federal question by way of defense did not suffice.

1. Mishkin, The Federal "Question" in the District Courts, 1953, 53 Col.L.Rev. 157, 165, 168.

This court has also reached the same conclusion as was reached by the Supreme Court in *Pan American Petroleum Corp.* This was in Landon v. Northern Natural Gas Co., 338 F.2d 17 (10th Cir. 1964), cert. denied, 381 U.S. 914, 85 S.Ct. 1529, 14 L.Ed.2d 435 (1965). It was there stated that the claims involved were common law claims based on the substantive law of Kansas and were before the court only by reason of diversity jurisdiction.

In view of the foregoing, the case at bar is a simple action in the nature of quasi-contract or *indebitatus assumpsit* which is not dependent on federal law. At most it would call for a reference to rates promulgated by a federal agency. This is not enough of an ingredient to justify federal jurisdiction.

