**Haskell PERRIN, Plaintiff,**

v.

**TENNECO OIL COMPANY, a corporation, Defendant.**

**No. CIV–80–910–D.**

United States District Court, W. D. Oklahoma.

Sept. 22, 1980.

John M. Nelson, Chickasha, Okl., for plaintiff.

Gregg R. Renegar and Randall J. Holder, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This action was originally filed in the District Court of Grady County, Oklahoma, seeking cancellation of an oil and gas lease for failure to further develop and to quiet title to the subject premises. Pursuant to 28 U.S.C. § 1441 Defendant filed a petition for removal to this Court alleging that this Court had subject matter jurisdiction by reason of diversity of citizenship and amount in controversy under 28 U.S.C. § 1332. Plaintiff has filed herein a Motion to Remand this case to the Grady County District Court. Said Motion is supported by Brief and Defendant has filed a Brief in opposition thereto.

In support of his Motion to Remand, Plaintiff contends that the amount in controversy does not exceed $10,000.00, exclusive of cost and interest. Plaintiff asserts that he is seeking no monetary damages against Defendant. Rather, he is merely seeking to quiet title to his mineral interest.

Defendant has filed the affidavit of Terry Pargeter (Pargeter), a division landman for Defendant familiar with leasing activities in Grady County, Oklahoma, where the mineral interest in question is located. Pargeter states that the minimum bonus per acre for execution of an oil and gas lease for Plaintiff's mineral interest if it were

unencumbered by Defendant's lease would be $200.00 per acre. Plaintiff seeks to quiet title to his mineral interest in 80 acres. Therefore, Defendant asserts that the amount in controversy is $16,000.00.

In order to remand this action for lack of jurisdictional amount it must appear to the Court to a legal certainty that the claimed amount is less than the required jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *A. C. McKoy, Inc. v. Schonwald*, 341 F.2d 737 (10 Cir. 1965).

When a Plaintiff is seeking injunctive or equitable relief and not monetary damages, the amount in controversy is the value of the right sought to be protected by the litigation. *See Glenwood Light & Water Company v. Mutual Light Heat & Power Company*, 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174 (1915); *A. C. McKoy, Inc. v. Schonwald, supra; Ronzio v. Denver & R. G. W. R.*, 116 F.2d 604 (10 Cir. 1940). The amount in controversy may be determined by the increased or diminished value of property directly affected by the relief prayed for. *A. C. McKoy, Inc. v. Schonwald, supra.* In the case of an action to quiet title of a mineral interest in land the amount in controversy is the diminished value of such land burdened with an oil and gas lease or the increased value without the lease. *A. C. McKoy, Inc. v. Schonwald, supra.*

In the instant case the object of Plaintiff's litigation is to cancel Defendant's lease of Plaintiff's mineral interest in an 80-acre tract of land. It is uncontroverted that it would cost Defendant $16,000.00 in bonus to lease Plaintiff's 80-acre tract in question if Defendant's present lease is canceled and that said lease would be of that value to Plaintiff on the market if his claimed right of cancellation is granted. It therefore appears to the Court that the mineral interest of Plaintiff's 80-acre tract would have at least a $16,000.00 value and that the right and matter in controversy is of such value from the standpoint of both parties.

In view of the foregoing, it appears that the instant case was properly removed to this Court as the jurisdictional amount appears to be present. Therefore, Plaintiff's Motion to Remand should be overruled.

It is so ordered.