## METCALF v. WATERTOWN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF WISCONSIN.

No. 90. Argued November 20, 21, 1888. — Decided December 10, 1888.

The assignee of a judgment founded on a contract suing in a Circuit or
District Court of the United States, on the ground of citizenship, to
recover on the judgment, cannot maintain the action unless it appears
affirmatively in the record that both the plaintiff and his assignor were
not citizens of the same State with the defendant.

The fact that a suit is brought to recover the amount of a judgment of
a court of the United States, does not, of itself, make it a suit arising
under the Constitution and laws of the United States.

Where the original jurisdiction of a Circuit Court of the United States
is invoked upon the sole ground that the determination of the suit
depends upon some question of a Federal nature, it must appear at the
outset, in order to give the court jurisdiction, that the suit is one of
which the court, at the time its jurisdiction is invoked, can properly
take cognizance.

THE case is stated in the opinion of the court.

*Mr. Charles E. Monroe* for the plaintiff in error.

*Mr. George W. Bird* and *Mr. Daniel Hall* for defendant in
error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was brought in the court below, in the year
1883, to recover the sum of $10,207.86, the amount of a judg-
ment rendered May 8, 1866, in the Circuit Court of the United
States for the District of Wisconsin, in favor of Pitkin C.
Wright, against the city of Watertown, a municipal corpo-
ration of that State. The plaintiff in the present action, E.
W. Metcalf, is a citizen of Ohio, and sues as assignee of
certain named persons who became, under assignments from
Wright in 1873, the owners, in different proportions, of that
judgment.

Although the question of the jurisdiction of the Circuit

Court over the present suit was suggested at the bar, the case was argued entirely with reference to the construction and effect of the statute of Wisconsin, prescribing, in respect to causes of action accruing before November 1, 1878, ten years as the period within which must be commenced "an action upon a judgment or decree of any court of record of any State or Territory within the United States, or of any court of the United States," while twenty years was fixed, by the same statute, for the commencement of "an action upon a judgment or decree of any court of record of this [that] State." The court below held the suit to be barred by the limitation of ten years. Rev. Stat. Wisconsin, 1858, c. 138, §§ 1, 14, 15, 16; *Ib.* 1878, c. 177, §§ 4206, 4219, 4220, 4221. We are not, however, at liberty to express any opinion upon the question of limitation, if the court, whose judgment has been brought here for review, does not appear, from the record, to have had jurisdiction of the case. And whether that court had or had not jurisdiction, is a question which we must examine and determine, even if the parties forbear to make it, or consent that the case be considered upon its merits. *Mansfield &c. Railway Co.* v. *Swan,* 111 U. S. 379, 382; *King Bridge Co.* v. *Otoe County,* 120 U. S. 225; *Blacklock* v. *Small,* 127 U. S. 96, 105; *Cameron* v. *Hodges,* 127 U. S. 322, 326.

By the act of March 3, 1875, 18 Stat. 470, c. 137, determining the jurisdiction of the Circuit Courts of the United States, it is provided that no Circuit or District Court of the United States shall "have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange." This suit certainly does not belong to the excepted class, and, being founded on the original judgment against the city, is one "founded on contract" within the meaning of the act. By the very terms, therefore, of the statute, Metcalf's right to sue in the Circuit Court depends upon the right of his assignors to have brought suit in that court, if no assignment had been

made. This view is fatal to the jurisdiction of that court, so far as its jurisdiction depends upon the above provision of the statute, because it nowhere appears in the record of what State the plaintiff's assignors were citizens when this action was commenced; indeed, it is consistent with the record that they were, at that time, citizens of the same State with the defendant. *Walker* v. *Powers*, 104 U. S. 245, 248; *Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237, 239; *Peper* v. *Fordyce*, 119 U. S. 469, 471; *Everhart* v. *Huntsville College*, 120 U. S. 223; *Menard* v. *Goggan*, 121 U. S. 253; and the cases before cited.

Nor can the jurisdiction of the Circuit Court be maintained upon the theory that this suit is one arising under the Constitution or laws of the United States. The fact that it was brought to recover the amount of a judgment of a court of the United States does not, of itself, make it a suit of that character; for the plaintiff, without raising by his complaint any distinct question of a Federal nature, and without indicating, by proper averment, how the determination of any question of that character is involved in the case, seeks to enforce an ordinary right of property, by suing upon the judgment merely as a security of record, showing a debt due from the city of Watertown. *Provident Savings Society* v. *Ford*, 114 U. S. 635, 641. The plaintiff, it is true, contends that the limitation of ten years could not, consistently with the Constitution of the United States, be applied to an action upon a judgment or decree of a court of the United States, when a longer period was given within which to sue upon a judgment or decree of a court of record established by the laws of Wisconsin. And if the plaintiff properly invoked the original jurisdiction of the Circuit Court of the United States, in respect to the cause of action set out in his complaint, the question of limitation, under one construction of the local statute, would be decisive of the case. But is the present suit, therefore, one arising under the Constitution or the laws of the United States, within the meaning of the act of 1875? We think not.

It has been often decided by this court that a suit may be

said to arise under the Constitution or laws of the United States, within the meaning of that act, even where the Federal question upon which it depends is raised, for the first time in the suit, by the answer or plea of the defendant. But these were removal cases, in each of which the grounds of Federal jurisdiction were disclosed either in the pleadings, or in the petition or affidavit for removal; in other words, the case, at the time the jurisdiction of the Circuit Court of the United States attached, by removal, clearly presented a question or questions of a Federal nature. *Railroad Co.* v. *Mississippi*, 102 U. S. 135, 140; *Ames* v. *Kansas*, 111 U. S. 449, 462; *Pacific Railroad Removal Cases*, 115 U. S. 1, 11; *Southern Pacific Railroad Co.* v. *California*, 118 U. S. 109, 112. Besides, the right of removal under the act of 1875 could not be made to depend upon a preliminary inquiry as to whether the plaintiff had or had not the right to sue in the state court of original jurisdiction from which it was sought to remove the suit. Where, however, the original jurisdiction of a Circuit Court of the United States is invoked upon the sole ground that the determination of the suit depends upon some question of a Federal nature, it must appear, at the outset, from the declaration or the bill of the party suing, that the suit is of that character; in other words, it must appear, in that class of cases, that the suit was one of which the Circuit Court, at the time its jurisdiction is invoked, could properly take cognizance. If it does not so appear, then the court, upon demurrer, or motion, or upon its own inspection of the pleading, must dismiss the suit; just as it would remand to the state court a suit which the record, at the time of removal, failed to show was within the jurisdiction of the Circuit Court. It cannot retain it in order to see whether the defendant may not raise some question of a Federal nature upon which the right of recovery will finally depend; and if so retained, the want of jurisdiction, at the commencement of the suit, is not cured by an answer or plea which may suggest a question of that kind. If the city had not answered in the present suit, and judgment by default had been rendered against it, this court, upon writ of error, would have been compelled to reverse the judgment, upon the ground

that the record did not show jurisdiction in the Circuit Court.

It results, that from any view of the case, as presented by the record, it is one in respect to which the plaintiff could not, under the act of 1875, invoke the original jurisdiction of the Circuit Court. The judgment must, therefore, be reversed, and the cause remanded with direction for such further proceedings as may be consistent with law, the plaintiff in error to pay the costs in this court. It will be for the court below to determine whether the pleadings can be so amended as to present a case within its jurisdiction. *King Bridge Co.* v. *Otoe County,* 120 U. S. 225, 227; *Menard* v. *Goggan,* 121 U. S. 253.

*Reversed.*