**TEXACO, INC., a corporation, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY, a corporation, Defendant.**

No. 71-C-167.

United States District Court,
N. D. Oklahoma,
Civil Division.
Sept. 15, 1972.

Elmer W. Adams, Tulsa, Okl., for plaintiff.

R. B. McDermott, Tulsa, Okl., Kenneth Heady, Bartlesville, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Plaintiff sues Defendant for the value of helium entrained in natural gas produced by it and sold to the Defendant under gas contracts entered into between them. The circumstances surrounding the parties' controversy over the entrained helium which Defendant extracted from the natural gas obtained from Plaintiff are fully reported in Northern Natural Gas Company v. Grounds, 292 F.Supp. 619 (D.C.Kan. 1968) and Northern Natural Gas Company v. Grounds, 441 F.2d 704 (10 Cir. 1971). The sole basis of jurisdiction herein as alleged by Plaintiff is the existence of a Federal question within the provisions of 28 U.S.C.A. § 1331(a). Defendant has moved to dismiss Plaintiff's action for lack of such jurisdiction.

The Amended Complaint of Plaintiff pleads as grounds for relief (1) the judgment of the United States Court of Appeals for the Tenth Circuit in the *Northern Natural Gas Company* case, supra, authorizing recovery of interpleaded helium funds by lessee-producers, (2) common law assumpsit and (3) the rights afforded Plaintiff by the Natural Gas Act, 15 U.S.C.A. § 717 et seq., by § 11 of the Helium Act Amendments, 50 U.S.C.A. § 167i and by the judgment in the *Northern Natural Gas Company* case, supra. Plaintiff claims that grounds (1) and (3) supra are Federal questions which vest jurisdiction in this Court. Jurisdiction is clearly not present for a recovery under ground (2), supra, as Plaintiff acknowledges in

its Brief, "there is no diversity of citizenship between the parties."

■■ Jurisdiction is not present under ground (1), supra, as a judgment of a Federal court does not raise a federal question which will support jurisdiction under 28 U.S.C.A. § 1331(a). Metcalf v. Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543 (1888); Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767 (10 Cir. 1963).

■ As to ground (3), supra, the Plaintiff, as a lessee-producer, did not acquire any rights under the provisions of the Natural Gas Act, 15 U.S.C.A. § 717 et seq. Rather, it lost rights as said Act placed a limitation or ceiling on the price Plaintiff, as a lessee-producer, could receive for the natural gas it produces and sells and otherwise subjected Plaintiff to rate regulation by the Federal Power Commission. The Natural Gas Act, supra, did not abrogate the gas contracts then existing between the parties hereto even though the price provisions thereof were superseded by Federal Power Commission rate regulation authorized by the Act. Nor, did Plaintiff acquire any rights under the Helium Act Amendments, § 11, 50 U.S.C.A. § 167i. They merely exempted extracted helium from the limitation or ceiling imposed by the Natural Gas Act. Thus, as Plaintiff obtained no rights under said Federal legislation, its rights herein cannot be said to *arise under* Federal law.

The foregoing observations are explicit in the *Northern Natural Gas Company* decision.[1] Therein the Court said,

"The regulated lessee-producers must continue to sell the dedicated gas and have no *statutory* or contractual method of obtaining any benefit for the *increased value*." (Emphasis added). The "increased value", of course, is the helium content upon extraction. After

---

1. Jurisdiction in that case was not based on a federal question under 28 U.S.C.A. § 1331(a). Jurisdiction therein was obtained under the interpleader statutes, 28 U.S.C.A. §§ 1335, 1397 and 2361. Northern Natural Gas Company v. Grounds, 292 F.Supp. 619 (D.C.Kan.1968), at pp. 637–640. No claim is here made that the instant action is in the nature of interpleader.

allowing lessee-producers in said case to recover from the interpleaded funds the reasonable value of the helium content of the processed gas, the Court then said,

"We believe that this result is a valid reconciliation of the statutes and a proper determination of the rights of the parties."

It is thus apparent that the right of the Plaintiff as a lessee-producer to recover the value of the helium content of gas produced by it and sold to Defendant, according to the *Northern Natural Gas Company* decision, is not based on statute.[2] Rather, Plaintiff's right as a lessee-producer to recover the value of the helium content of its processed gas appears to be based on principles of equity by a reconciliation of federal statutes which did not abrogate existing gas contracts. This is indeed an anomalous situation and has been brought about by the intrusion of the Federal Government into the Natural Gas industry by placing a ceiling on the price of natural gas as produced and at the same time directing the Federal Government to purchase, conserve and store helium and do all of this without abrogating existing gas contracts.

Thus, the Court concludes that Federal question jurisdiction is not present in this case, as required by 28 U.S.C.A. § 1331(a). It may be that defensively the Defendant will assert that their gas contracts do not support Plaintiff's contention made herein, whereupon, Plaintiff will respond with the decision of *Northern Natural Gas Company, supra,* that it is entitled to a recovery for the reasons therein stated. As aforesaid, not only does a judgment of a Federal Court not raise a federal question under 28 U.S.C.A. § 1331(a) but a Plaintiff may not

avail itself of Federal question jurisdiction by anticipating a probable defense. Skelly Oil Company v. Phillips Petroleum Company, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Defendant's Motion To Dismiss is granted and Plaintiff's action is dismissed for want of jurisdiction.

---

2. In the *Northern Natural Gas Company* case, *supra,* our Circuit merely concluded that the Natural Gas Act did not control the price of helium and therefore it was no impediment to a recovery of the reasonable value of helium by its lessee-producers. 441 F.2d at p. 723. Such a conclusion assumed that the right of recovery exists independently of Federal Statute. The Court pointed out that application of a Government price ceiling to *all* constituents of the natural gas would result in a windfall for the extractors of helium and that a utility rate could be used to obtain a commodity not in the contemplation of the rate. 441 F.2d at pp. 722–723.