**WARNER BROS. RECORDS, INC., et al.,**
**Plaintiffs-Appellants,**

v.

**R. A. RIDGES DISTRIBUTING CO.,**
**INC., a corporation, et al.,**
**Defendants-Appellees.**

No. 72–1883.

United States Court of Appeals,
Tenth Circuit.

March 6, 1973.

L. R. Gardiner, Jr., of Christensen, Gardiner, Jensen & Evans, Salt Lake City, Utah, for plaintiffs-appellants.

Kenneth W. Yeates, of Prince, Yeates, Ward, Miller & Geldzahler, Salt Lake City, Utah, for defendants-appellees.

Before BREITENSTEIN, Mc-WILLIAMS and DOYLE, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, phonograph record manufacturers, filed suit in the District Court for the County of Salt Lake, Utah seeking equitable relief against defendants who were alleged to have been copying and selling without authority the tapes and records which had been made by the plaintiffs. The state district judge granted a temporary restraining order and subsequently conducted a hearing following which he made extensive findings of fact and conclusions of law and entered a preliminary injunction. Subsequently, the cause was removed by the defendants to the United States District Court for the District of Utah. The judge of that court summarily dissolved the state court injunction, at the same time issuing an order denying the motion to remand the case to state court.

This is a repeat of a case which was presented to us approximately one year

ago. We heard that case on an emergency basis also and, as in the present case, we granted relief. *See* Tape Head Company v. R C A Corporation, 452 F. 2d 816 (10th Cir. 1971).

Plaintiffs have appealed the judgment dissolving the injunction and have applied for a stay of proceedings pending the appeal. We accelerated the hearing of the case and following oral arguments we have concluded that there was and is a complete lack of federal jurisdiction and that the action should have been remanded to state court.

Plaintiffs' complaint does not invoke any federal laws. It makes no mention of a federal law nor does it allege that the cause arises under any such law. Instead, it alleges that plaintiffs have made contracts with recording artists; that they have property rights in the resultant recorded compositions; and that the defendants have interfered with their property rights by pirating the compositions and selling the same. The complaint also alleges that apart from the pirating, the plaintiffs' good will was injured because of the poor quality of the recordings or the tapes.

The preliminary injunction issued by the state district court follows the pattern of the complaint and grants relief on the basis of invasion of plaintiffs' common law rights.

The petition for removal seeks to add a federal character. It declares that the action is one in which the federal court has exclusive original jurisdiction under the provisions of 28 U.S.C. § 1338.[1]

Defendants also allege in the petition for removal that the action may be removed pursuant to 28 U.S.C. § 1441(b).[2]

■ It is obvious that neither of these provisions applies to the case at bar since the action does not directly or indirectly arise under the patent or copyright laws of the United States. Secondly, it does not arise under the Constitution, treaties or laws of the United States in accordance with the requirements of § 1441(b), *supra*. Accordingly, on the face of the papers, there was no right to remove.

■ But the terms and conditions of the complaint furnish a clearer basis for holding that the trial court lacked jurisdiction to entertain the case. It is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case by inserting allegations in the petition for removal. It is fundamental that the action is not one arising under federal law where the federal question is supplied by way of defense. *See* Louisville & N. R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L. Ed. 511 (1894); Metcalf v. City of Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L. Ed. 543 (1888). *See also* Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). In this latter case the Supreme Court through the late Justice Frankfurter summarized the law as follows:

If Phillips sought damages from petitioners or specific performance of

---

1. This provision gives the district courts original jurisdiction of civil rights arising under an Act of Congress relating to patents, copyrights and trademarks, and it says that such jurisdiction shall be exclusive in patent plant variety protection and copyright cases.

Subsection (b) gives the district courts original jurisdiction when an unfair competition claim is joined with the suit under the copyright or patent laws.

2. This provision is as follows:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

their contracts, it could not bring suit in a United States District Court on the theory that it was asserting a federal right. And for the simple reason that such a suit would "arise" under the State law governing the contracts. Whatever federal claim Phillips may be able to urge would in any event be injected into the case only in anticipation of a defense to be asserted by petitioners. "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." Gully v. First National Bank in Meridian, 299 U.S. 109, 115, 57 S. Ct. 96, 99, 81 L.Ed. 70; compare 28 U.S.C. § 1257, 28 U.S.C.A. § 1257, with 28 U.S.C. § 1331, 28 U.S.C.A. § 1331. Ever since Metcalf v. City of Watertown, 128 U.S. 586, 589, 9 S.Ct. 173, 174, 32 L.Ed. 543, it has been settled doctrine that where a suit is brought in the federal courts "upon the sole ground that the determination of the suit depends upon some question of a federal nature, it must appear, at the outset, from the declaration or the bill of the party suing, that the suit is of that character." But "a suggestion of one party that the other will or may set up a claim under the Constitution or laws of the United States does not make the suit one arising under that Constitution or those laws." State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464, 14 S.Ct. 654, 657, 38 L.Ed. 511. The plaintiff's claim itself must present a federal question "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126.

339 U.S. at 672, 70 S.Ct. at 879.

■ The Court goes on to point out that the cited decisions reflect the current of jurisdictional legislation going back to the Act of 1875, and that these cases plainly show that federal jurisdiction not only must appear on the face of the complaint, but further that some indirect relationship to a federal law will not serve to furnish a basis for federal jurisdiction nor is it sufficient that a federal law may emerge in the suit. See Gully v. First National Bank of Meridian, 299 U.S. 109, 115, 57 S.Ct. 96, 81 L. Ed. 70, supra.

■ It is undisputed that the recordings which were here copied predated the passage of the federal statute creating a limited copyright in sound recording. 85 Stat. 391; 17 U.S.C. § 1 et seq. Because of this, defendants seek to create federal jurisdiction here by spinning a theory that federal jurisdiction is exclusive. This theory is based on the decisions of the Supreme Court in Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964) and Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964). The defendants are not saying that the plaintiffs' case is in truth federal. This is plain from the fact that defendants maintain that according to federal law the plaintiffs' recordings are in the public domain— that they are not protected. It follows that defendants are in truth asserting a federal question as a defense. They are attempting to use it as a shield. As has been shown, jurisdiction cannot come about by way of the removal route where the federal question is supplied by the defendant in an effort to protect himself.

The removal character of the present case seriously restricts the scope of the district court's authority. Thus, the court cannot exercise anything resembling appellate authority since its jurisdiction is original. See Wright, Law of Federal Courts (2d ed.), pages 132–33.

Tested in still another manner, removal jurisdiction is derivative; if the state court lacked jurisdiction the federal court acquired none. Therefore, even if we were to accept defendants-appellees' argument that the state court lacked jurisdiction and that the federal court's power in this case is exclusive, it would

be self-defeating. *See* General Investment Company v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922); Martinez v. Seaton, 285 F.2d 587 (10th Cir. 1961), cert. denied, 366 U.S. 946, 81 S.Ct. 1677, 6 L. Ed.2d 856. In Crow v. Wyoming Timber Products Co., 424 F.2d 93 (10th Cir. 1970), the derivative nature and the legal consequences of this were clearly pointed out.

■ One final matter: Since the cause is devoid of a federal question, the United States District Court lacked power to deal with it in any manner, and hence the motion to remand to the District Court of Salt Lake County should have been granted. *See* American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916).[3]

The judgment of the district court is reversed and the cause is remanded with directions to vacate and set aside its order dissolving the preliminary injunction and to remand the case to the District Court of Salt Lake County, State of Utah.

3. This Supreme Court decision (a Justice Holmes opinion) is closely analogous. The decision revolved around a patent problem which the Court held arose under state law. The U. S. District Court dismissed following removal. The Supreme Court reversed.