No. 80–1494. UNITED AIR LINES, INC. *v.* DIVISION OF INDUSTRIAL SAFETY OF THE DEPARTMENT OF INDUSTRIAL RELATIONS OF CALIFORNIA ET AL. C. A. 9th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

Petitioner maintains operations and maintenance facilities for its aircraft at San Francisco International Airport. Re-

spondent, the Division of Occupational Safety and Health (formerly Division of Industrial Safety) of the Department of Industrial Relations of the State of California (Cal/OSH), is responsible for a state occupational safety and health enforcement program, approved by the federal Occupational Safety and Health Administration under 29 U. S. C. § 667(c). The state enforcement plan applies to all places of employment in California "except a place the health and safety jurisdiction over which is vested by law in, and actively exercised by, any state or federal agency other than [Cal/OSH]." Cal. Lab. Code Ann. § 6303(a) (West Supp. 1981). Under § 605(b) of the Federal Aviation Act, 72 Stat. 778, as amended, 49 U. S. C. § 1425(b), the Federal Aviation Administrator is required to

> "employ inspectors who shall be charged with the duty (1) of making such inspections of aircraft, aircraft engines, propellers, and appliances designed for use in air transportation, during manufacture, and while used by an air carrier in air transportation, as may be necessary to enable the Secretary of Transportation to determine that such aircraft, aircraft engines, propellers, and appliances are in safe condition and are properly maintained for operation in air transportation . . . ."

Petitioner contends that the operation of the federal scheme of Federal Aviation Administration (FAA) supervision preempts enforcement of the state scheme by Cal/OSH.

Between June 1976 and August 1978, Cal/OSH conducted a number of inspections of petitioner's San Francisco facilities. As a result of these inspections, a number of citations were issued, alleging violations of various health and safety standards. In each instance, United contested the citations, arguing that Cal/OSH lacked jurisdiction over its facilities because of pre-emption by the FAA. Prior to the completion of litigation in the state agencies and courts, United filed a complaint in Federal District Court, seeking declaratory and injunctive relief against further Cal/OSH inspections and ci-

tations.* Specifically, United alleged that the actions of the defendants were "beyond their jurisdictional authority, interfer[ed] with and disrupt[ed] the federal statutory scheme with respect to safety . . . and violate[d] United's right to due process of law." The District Court granted petitioner a preliminary injunction prohibiting further enforcement by Cal/OSH or the Appeals Board. The Court of Appeals for the Ninth Circuit reversed, holding that the complaint should be dismissed for lack of subject-matter jurisdiction. 633 F. 2d 814 (1980).

The Court of Appeals confused two distinct lines of reasoning. One of these lines I find unobjectionable, although improperly applied in this case; the other, however, substantially misread our previous cases on when the "defensive" character of a federal question is insufficient to create federal-court jurisdiction. The first argument noted simply that the mere fact that California has incorporated a body of federal law as the basis for a state-law distinction does not necessarily cause a case under the state law to be also a case under the law of the United States. Had United raised only the question of the meaning of the limits on § 6303(a)'s grant of authority to Cal/OSH, this would have been correct and sufficient to dispose of the case. United's complaint, however, was not so limited. Petitioner alleged that the state action interfered with and disrupted the federal statutory scheme. This can only be read as a claim of federal pre-emption. The Court of Appeals responded, erroneously in my view, to this issue of pre-emption by characterizing it as defensive and an inadequate basis for federal-court jurisdiction:

"In the instant case, United is a defendant in the state court action to enforce citations issued by the Division,

---

*Petitioner also sought to enjoin the Occupational Safety and Health Appeals Board of the State of California from conducting further proceedings related to enforcement of the citations already issued.

and has stated that it has asserted and will continue to assert jurisdictional defenses in that action. Therefore, United's allegations of federal question jurisdiction in this appeal remain defensive in nature, and it cannot assert its jurisdictional objections to the state court action as a basis for jurisdiction in the federal courts." 633 F. 2d, at 817.

In *Louisville & Nashville R. Co.* v. *Mottley*, 211 U. S. 149 (1908), the plaintiff in Federal District Court had settled a claim against a railroad in exchange for a continuing free pass, a contract which the railroad, it was alleged, would no longer honor because of a recently passed federal statute. The plaintiff sought a judgment as to whether the Act forbade the free pass and, if it did, whether it was constitutional as applied in the circumstances. This Court held that the case was not a suit arising under the laws of the United States: "It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some [federal law]." *Id.*, at 152. Other cases are to the same effect. *Tennessee* v. *Union & Planters Bank*, 152 U. S. 454 (1894); *Metcalf* v. *Watertown*, 128 U. S. 586 (1888).

In each of the above cases, the federal plaintiff's cause of action against the defendant was not grounded in federal law; he merely sought to adjudicate the validity of an anticipated defense to his action. Here, United's complaint, as I read it, included the claim that under federal law the FAA had exclusive jurisdiction to oversee safety at airline maintenance facilities and therefore, under the Supremacy Clause, state regulation was foreclosed. No part of this claim was grounded in state law.

In *Rice* v. *Santa Fe Elevator Corp.*, 331 U. S. 218 (1947), the Illinois Commerce Commission set for hearing a complaint that a warehouseman was charging illegal rates under state law. The Commission denied the warehouseman's

claim that the United States Warehouse Act superseded the authority of the Commission to regulate in the manner sought by the complaint. The warehouseman then filed a complaint in the United States District Court seeking an injunction against further state proceedings on the ground that the federal statute pre-empted state regulation. The Court of Appeals sustained this claim, and this Court affirmed. Federal jurisdiction, which was unchallenged, was grounded on 28 U. S. C. §§ 1331 and 1337; federal jurisdiction, of course, could not have existed if foreclosed by the fact that the federal claim could be and was presented as a defense in the state proceedings. *Rice* is but a significant example of a familiar pattern: the person or concern threatened by or involved in state enforcement proceedings repairs to the federal court claiming that the state law and the state proceedings have been pre-empted by congressional enactment. *Ray* v. *Atlantic Richfield Co.,* 435 U. S. 151 (1978); *Jones* v. *Rath Packing Co.,* 430 U. S. 519 (1977); *Burbank* v. *Lockheed Air Terminal,* 411 U. S. 624 (1973); *Florida Avocado Growers* v. *Paul,* 373 U. S. 132 (1963); *Hines* v. *Davidowitz,* 312 U. S. 52 (1941). That the complaint in this case, in addition to claiming federal pre-emption, may also have claimed that the state law should not be construed to reach airline maintenance facilities does not defeat federal jurisdiction based on the pre-emption claim.

The suggestion that a defendant in a pending or threatened state action based on state law is foreclosed on jurisdictional grounds from seeking a federal declaratory judgment or an injunction based on the claim that the state action is barred by a federal statute or the Federal Constitution makes little sense in light of the holdings of this Court. Under the *Younger* v. *Harris,* 401 U. S. 37 (1971), line of cases, comity and federalism require a federal court to hold its hand and dismiss rather than interfere with a pending state criminal proceeding, by adjudicating a federal defense that has been or might be raised in that proceeding. Certain civil proceedings are

subject to the same rule. But these holdings do not rest on jurisdictional grounds, and they do not apply when a state proceeding is not pending and in any event do not apply to all civil proceedings. Furthermore, if there is never federal jurisdiction when a state defendant has a dispositive defense grounded in federal law, the Anti-Injunction Act would be surplusage. Under this theory, all such litigants would be required to pursue their federal claims in state court. Perhaps they should, but that is not what the present jurisdictional statutes and our cases construing them require.

The Court of Appeals relied on *Public Service Comm'n of Utah* v. *Wycoff Co.*, 344 U. S. 237, 248 (1952), where the federal plaintiff sought to preclude regulatory action by a State Public Service Commission on the grounds that his shipments were in interstate commerce. This Court held that the action should be dismissed because the federal claim was too abstract, anticipatory, and not ripe for decision. The Court also said:

> "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law." *Ibid.*

But the Court did no more than raise doubts about federal jurisdiction in such a case; indeed, it went on to say:

"[I]t is not necessary to determine whether, on this record, the alleged controversy over an action that may be begun in state court would be maintainable under the head of federal-question jurisdiction. But we advert to doubts upon that subject to indicate the injury that would be necessary if the case clearly rested merely on threatened suit in state court, as, for all we can learn, it may." *Id.*, at 248–249.

In my view, the holding below is wrong. In any event, it is an extraordinarily important jurisdictional holding and should be reviewed in this Court. I therefore dissent from the denial of certiorari.