**5757 NORTH SHERIDAN ROAD CONDO-MINIUM ASSOCIATION, an Illinois not-for-profit corporation, Plaintiff,**

v.

**LOCAL 727 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.**

No. 94 C 3573.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 6, 1994.

Frances Salle Steinberg, Charles M. Steinberg, Steinberg & Steinberg, Ltd., Chicago, IL, for plaintiff.

Charles Orlove, Karen I. Engelhardt, Jacobs, Burns, Sugarman, Orlove & Stanton, Cara LeFevour Smith, Illinois Atty. General's Office, Chicago, IL, for defendants.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge:

Plaintiff 5757 North Sheridan Road Condominium Association ("5757") brought this four-count complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, against Local 727 of the International Brotherhood of Teamsters ("Local 727"), Emmett Balfour ("Balfour"), and Shinae Chun, Director of the Illinois Department of Labor ("Chun"). Counts I and III against Local 727 seek vacation of an arbitration award and damages for common law fraud. Count II against Balfour seeks an accounting and damages for breach of

fiduciary duty, embezzlement and conversion. Count IV against Chun in her official capacity seeks declaratory and injunctive relief under the Illinois Freedom of Information Act. Defendant Local 727 removed the case to this court pursuant to 28 U.S.C. § 1441(a), (b), based on the preemption of some of 5757's claims by the Labor Management Relations Act of 1947, 29 U.S.C. § 151 *et seq.* Presently before this court are (1) defendant Chun's motion to dismiss Count IV, along with 5757's "counter-motion" for remand of Count IV, and (2) defendant Local 727 motion to disqualify plaintiff's counsel and for additional time to otherwise plead. After conducting an independent review of our jurisdiction, we conclude that the entire case must be remanded to the Circuit Court of Cook County.

## I. Background [1]

Plaintiff 5757 operates the common areas of the condominium units at 5757 North Sheridan Road in Chicago. These common areas include a parking garage at which defendant Balfour was employed as a parking garage hiker, and later a garage manager, from 1989 until 1993. In September, 1993, the board of directors of 5757 voted to terminate Balfour's employment due to the alleged misuse of an automobile entrusted to him. 5757 later learned that during Balfour's employment he had been convicted of burglary and had stolen cash and receipts from the garage. After learning of Balfour's termination, defendant Local 727—a labor organization to which Balfour belonged—requested an arbitration before the Illinois Department of Labor. Arbitrator William Malloy was selected, and conducted an arbitration at which 5757 was ordered to rehire Balfour. 5757 alleges that because of irregularities in the selection of Malloy, as well as his bias and impropriety in conducting the arbitration, the award was fraudulently and improperly issued. In order to support this allegation, 5757 sought information from the Illi-

nois Department of Labor ("IDOL") concerning Malloy's prior arbitration record, but IDOL refused to disclose all of the requested information. 5757 then filed this four-count complaint in the Circuit Court of Cook County against Local 727 (Counts I and III), Balfour (Count II) and Chun (Count IV).

## II. Discussion

Although this case presents a variety of issues, we are most concerned with those raised in Chun's motion to dismiss Count IV and 5757's "counter-motion" to remand that count to state court. Chun claims that Count IV should be dismissed because of the Eleventh Amendment's bar to the disposition of a suit against a state in federal court. Because we have an independent obligation to review the jurisdictional basis of any case removed from state court, *see* 28 U.S.C. § 1447(c), we address the propriety of having this case removed to federal court in the first instance.

■■■ A defendant may remove to federal court a case originally filed in state court so long as the statutory requirements of 28 U.S.C. § 1441 are satisfied. However, the burden of showing that removal jurisdiction is proper falls on the removing party, *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993), and the removal statute is to be construed narrowly. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Allied–Signal, Inc.,* 985 F.2d at 911. Local 727 removed the present litigation under § 1441(a).[2] This section provides for the removal to federal district court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." *Id.* By implication, if an action could not have been filed in federal court because of a lack of "original jurisdiction," it may not be removed to federal court. *Frances J. v. Wright,* 19 F.3d 337, 340 (7th Cir.1994) (citing *Metcalf v. Watertown,* 128 U.S. 586, 589, 9 S.Ct. 173, 174, 32

---

1. Since none of the defendants have answered 5757's complaint as of this time, this recitation of the facts is gleaned solely from plaintiff's complaint.

2. Local 727 also removed under § 1441(b), but this section merely provides for the removal of

cases involving federal question claims regardless of the state of citizenship of the removing defendant, whereas cases involving diversity jurisdiction may only be removed if no defendant is a citizen of the state in which the case was originally filed. 28 U.S.C. § 1441(b).

L.Ed. 543 (1888)). Although some Circuits have interpreted § 1441(a) as permitting a federal court to retain claims that originally could have been brought in federal court despite the jurisdictional infirmity of other parts of the action, *see, e.g., Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332 (6th Cir. 1990); *Texas Hospital Ass'n v. National Heritage Ins. Co.,* 802 F.Supp. 1507, 1514–17 (W.D.Tex.1992), the Seventh Circuit has clearly stated that § 1441(a) may only be utilized if the entire action could have been heard in federal court. *Wright,* 19 F.3d at 340. Thus, if any claim in a civil action would have been jurisdictionally barred from disposition in federal court, then the action may not be removed pursuant to § 1441(a).

■ In the instant case, Count IV against Chun as Director of the Illinois Department of Labor is jurisdictionally barred from federal court by the Eleventh Amendment and the *Hans* doctrine. Essentially, these two doctrines prohibit any citizen of the United States from suing a state government in federal court. *See Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890).. A suit against a state official for performance of her official duties is generally considered a suit against the state. *See Hafer v. Melo,* 502 U.S. 21, ——, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991). Indeed, where a claim for relief against a state official is based on a violation of state law—regardless of whether it seeks monetary or injunctive relief—the Eleventh Amendment bars a fed-

eral court from hearing it. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 106, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984). Thus, because 5757's claim against Chun is based on the Illinois Freedom of Information Act, and suit against Chun is solely in her official capacity, Count IV cannot be brought in federal court.

■ While the parties appear to believe that this conclusion means simply that Count IV must be remanded,[3] its implication for this litigation is far more drastic. The Seventh Circuit has recently concluded that "[t]he now-settled law of this circuit is that *Hans v. Louisiana* does not recognize a common law immunity, but rather holds that federal courts do not have subject-matter jurisdiction over suits against a state." *Smith v. Wisconsin Dept. of Agriculture, Trade and Consumer Protection,* 23 F.3d 1134, 1140 (7th Cir.1994); *Wright,* 19 F.3d at 340 ("[A] state's sovereign immunity, whether rooted in the *Hans* doctrine or the Eleventh Amendment, limits the *original* subject matter jurisdiction of the federal courts.") (citing *Crosetto v. State Bar of Wisconsin,* 12 F.3d 1396, 1400 (7th Cir.1993)) (emphasis in original). Because this action originally could not have been filed in federal court due to the jurisdictional bar against Count IV, removal of the entire case under § 1441(a) was improper. Although removal may have been available under another section of the statute,[4] the burden of proving the propriety

3. Chun argues that because the Eleventh Amendment bars Count IV, we should dismiss the claim outright. However, since we do not have jurisdiction over Count IV the case should be remanded to state court rather than dismissed. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Smith v. Wisconsin Dept. of Agriculture, Trade & Consumer Protection,* 23 F.3d 1134, 1138–39 (7th Cir.1994).

4. Indeed, it seems at first blush that this case would be removable under § 1441(c):

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion,

may remand all matters in which state law predominates.

28 U.S.C. § 1441(c). However, the Seventh Circuit in *Wright* indicated that where the *Hans* doctrine bars a federal court from deciding claims against a citizen's home state, § 1441(c) will not apply since the district court will be unable to determine "all issues therein." *Wright,* 19 F.3d at 340 n. 4. It appears that this argument is limited to claims implicating the Eleventh Amendment, since the clear language of § 1441(c) grants the district court jurisdiction over "otherwise non-removable claims" which it could not have resolved without the authority of § 1441(c). Nonetheless, because there is doubt as to the availability of removal under § 1441(c), and since defendant Local 727 has not argued for its applicability, we decline to reach the issue. *See American Inmate Phone Systems Inc. v. U.S. Sprint Communications Co.,* 787 F.Supp. 852, 854 n. 2 (N.D.Ill.1992) (court declined to rule on diversity jurisdiction where removing defendant

of removal lies with the removing party and any doubts should be resolved in favor of remand. *See Allied–Signal, Inc.*, 985 F.2d at 911. Therefore, we remand all four counts of this case back to the Circuit Court of Cook County.[5]

### III. Conclusion

For the reasons set forth above, this case is remanded back to the Circuit Court of Cook County. It is so ordered.

failed to plead it in removal petition). If defendant Local 727 later seeks removal under § 1441(c), it should seriously consider the full import of *Wright* before filing its notice of removal.

5. We deny all remaining motions as moot.