**Bradford G. BROWN, M.D., Plaintiff,**

v.

**The COMPOSITE STATE BOARD OF MEDICAL EXAMINERS, et al., Defendants.**

No. 3:96–CV–37 (DF).

United States District Court,
M.D. Georgia,
Athens Division.

March 27, 1997.

**302**

Tony L. Axam, Atlanta, GA, Eric Emanuel Wyatt, Madison, GA, George W. McGriff, Atlanta, GA, Maria N. Duarte, Atlanta, GA, John Lewis James, Atlanta, GA, for Bradford G. Brown, M.D.

Carol Atha Cosgrove, Atlanta, GA, for Composite State Bd. of Medical Examiners, Andrew Watry, James E. Anthony, David L. Morgan, M.D.

John Edward Allen, Jr., Athens, GA, Gary Bryan Blasingame, Athens, GA, Emmet J. Bondurant, II, Atlanta, GA, Jane E. Fahey, Frank M. Lowrey, IV, Atlanta, GA, for Athens–Clarke County Hosp. Authority.

Andrew Hulsey Marshall, Larry V. McLeod, Athens, GA, for St. Mary's Health Care System, Inc.

Gary Bryan Blasingame, Athens, GA, Leslie Stewart Sullivan, Atlanta, GA, for Robert E. Kelly, Jr., M.D.

Weymon H. Forrester, Gainesville, GA, for Donald L. Branyon, Jr., M.D., William L. Bowen, Jr., John B. Hill, Jr., William J. Hardman, Jr., M.D.

Emmet J. Bondurant, II, Atlanta, GA, Jane E. Fahey, Frank M. Lowrey, IV, Atlanta, GA, for John A. Drew.

FITZPATRICK, Chief Judge.

Plaintiff Bradford Brown practices obstetrics/gynecology and family practice medicine in the Athens area. Plaintiff originally filed this law suit in the Superior Court for Fulton County. The case focuses on hearings and investigations into the practices of Plaintiff by Defendant Composite State Board of Medical Examiners, and the acts of members of the Board, several Doctors practicing in Athens, and two hospitals. Plaintiff's complaint contains eight counts: Count One alleges violations of 42 U.S.C. § 1983; Count Two alleges violations of 42 U.S.C. § 1985(3); Count Three alleges violations of 42 U.S.C. § 1988; Count Four alleges tortious interference with Plaintiff's professional relationships in violation of O.C.G.A. § 51–9–1; Count Five alleges violations of Ga. Const. art. III, § 6 ¶ 5(c) and O.C.G.A. § 13–8–2(a); Count Six alleges libel; Count Seven alleges slander; and Count Eight requests punitive damages.

Defendants filed a joint petition for removal to the United States District Court for the Northern District of Georgia asserting that the district court had original jurisdiction over this matter and, thus, could be removed pursuant to 28 U.S.C. § 1441(a) & (b). In response, Plaintiff filed a motion to remand the case to the Superior Court of Fulton County. Judge Orinda Evans of the United States District Court for the Northern District of Georgia denied Plaintiff's motion during a hearing on February 23, 1996, and later transferred the case to the Middle District of Georgia, Athens Division.

On May 14, 1996, this Court entered an Order dismissing Plaintiff's claims for money damages against State Defendants and refusing to enjoin the State Board's Hearing scheduled for June 1996. This Order addresses issues that were raised by the parties, but not resolved by the Order of May 14, 1996. Plaintiff has renewed his motion to remand and, in the alternative, has asked that the Court enjoin the dissemination of false information concerning his qualifica-

tions as a surgeon. Also, Defendants have renewed their motion for summary judgment based on the statute of limitations.

### Plaintiff's Motion to Remand

■ Plaintiff argues that this case was improperly removed because the Court does not have removal jurisdiction over a case in which a claim is barred by the Eleventh Amendment. The linchpin of this Court's jurisdiction in this case is 28 U.S.C. § 1441(a). This section specifies whether a federal court may hear a case removed from state court. Section 1441(a) authorizes the removal of "actions" that are within the original jurisdiction of the federal courts:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, federal courts are restricted from removing actions where the action could not have been originally filed in federal court. *See Metcalf v. Watertown*, 128 U.S. 586, 589, 9 S.Ct. 173, 174, 32 L.Ed. 543 (1888).

The Eleventh Amendment limits the original jurisdiction of the federal courts. However, the Supreme Court has held that individual claims which run afoul of the Eleventh Amendment can be dismissed without dismissing the other claims involved in the case. *Pennhurst State School & Hosp. v. Halder-*

*man*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (hereinafter *Pennhurst II*).

■ A plain reading of Section 1441(a) and 28 U.S.C. § 1447(c)[1] suggests that an action that contains claims barred by sovereign immunity, cannot, in whole or in part, be removed from the state courts to a federal forum because it is not an action within the original jurisdiction of the district courts. *Frances J. v. Wright*, 19 F.3d 337, 340 (7th Cir.1994). The statutes refer to an "action" or a "case" instead of "claims". The Seventh Circuit in *Frances J.* uses this statutory language to draw a distinction with *Pennhurst II*.

The Seventh Circuit's reasoning is persuasive.[2] However, their interpretation has been rejected by this Circuit. *Brewer v. Purvis*, 816 F.Supp. 1560 (M.D.Ga.1993) *aff'd without opinion* 44 F.3d 1008 (11th Cir.1995); *see Silver v. Baggiano*, 804 F.2d 1211 (11th Cir.1986); *but see Miles v. Kilgore*, 928 F.Supp. 1071, 1083 (N.D.Ala.1996). In *Brewer*, this Court was faced with a similar situation, removal of a case that contained claims barred by the Eleventh Amendment. Relying heavily on a Sixth Circuit case, *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332 (6th Cir.1990)[3], the Court concluded that it "need not remand the entire case to the state court." *Brewer*, 816 F.Supp. at 1571.

In *Silver v. Baggiano*, the Eleventh Circuit seems to have implicitly adopted the rationale described in *Henry* and *Brewer*. 804 F.2d 1211 (11th Cir.1986). In *Silver*, the plaintiff filed suit in state court naming a state official as defendant. *Id.* at 1212–13. The case was removed and after the district

---

1. In relevant part, 28 U.S.C. § 1447 provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

2. A substantial number of cases offer similar holdings. *See e.g. McKay v. Boyd Constr. Co.*, 769 F.2d 1084 (5th Cir.1985); *Flores v. Long*, 926 F.Supp. 166 (D.N.M.1995); *Miles v. Kilgore*, 928 F.Supp. 1071 (N.D.Ala.1996); *Simmons v. State of California*, 740 F.Supp. 781, 785 (E.D.Cal.1990); *Stephans v. State of Nevada*, 685 F.Supp. 217, 220 (D.Nev.1988); and *Keenan v. Washington Metro. Area Transit Auth.*, 643 F.Supp. 324 (D.D.C.1986). Under the rationale of this line of cases, if any bona fide claim asserted by the plaintiff in a state court could not

be originally brought in federal district court because it is barred by the Eleventh Amendment, then that claim, along with the entirety of the case must be remanded to state court. These Courts ground their analysis on a literal reading of the removal statutes and bolster their decisions with justifications based on judicial economy and comity.

3. In *Henry*, the Sixth Circuit held: "Pursuant to [*Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) ] and *Pennhurst II*, therefore, the Eleventh Amendment apparently presents a jurisdictional bar to claims, not to entire cases which involve claims implicating the Eleventh Amendment." *Henry*, 922 F.2d at 337.

court granted summary judgment for the plaintiff on his federal claims and granted the defendant's motion for summary judgment as to state claims, the case reached the Eleventh Circuit. *Id.* The Court of Appeals evaluated, sua sponte, whether the district court had jurisdiction to hear the case. *Id.* at 1213. The court held that plaintiff's claims based on state law could not be considered by a federal court because of the Eleventh Amendment. *Id.* at 1214–15. Accordingly the court vacated the decision of the district court and instructed it to remand those claims to the state court from which the action was removed. *Id.* The Eleventh Circuit evaluated the merits of the plaintiff's federal claim and remanded some issues of federal law to the district court. *Id.* at 1215–19. Therefore, the Eleventh Circuit seems to agree with the Sixth Circuit's holding in *Henry,* which allows a district court to remand state claims and decide federal claims within one case.[4] Accordingly, the Court denies Plaintiff's request that the entire action be remanded to state court.

■ While this Court can decide Plaintiff's federal statutory claims in the absence of the Composite State Board of Medical Examiners, the Court cannot decide plaintiff's state claims, which complain of actions taken by the both state and private defendants. Plaintiff's state claims focus on activities of the State Board of Medical Examiners. A prior Order of this Court made it clear that the State Board cannot be sued in this Court.[5] This ruling does not interfere with the decision as to whether violations of 42 U.S.C. §§ 1983, 1985 occurred because these statutes do not apply to the State Board. See *Will v. Michigan Dept. Of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45

(1989); *Rode v. Dellarciprete,* 617 F.Supp. 721, 723 (M.D.Pa.1985) *aff'd in relevant part* 845 F.2d 1195 (3d Cir.1988). In contrast, the State Board is the focal point of Plaintiff's state law claims. Therefore, the Court finds that these state law claims are separate and independent from the federal claims[6], and declines to exercise pendant jurisdiction over Plaintiff's state claims because state law predominates in these claims. The Court will retain jurisdiction over Plaintiff's federal claims alleged in Counts One, Two, and Three, and pursuant to Section 1441(c)[7], the Court remands Plaintiff's remaining claims to the Superior Court of Fulton County.

**Plaintiff's Request for Injunctive Relief**

■ Plaintiff has requested that this Court enjoin the dissemination of false information that is detrimental to his professional reputation. The Court must deny this request at this time because Plaintiff has not satisfied the requirements for a preliminary injunction.

To secure a preliminary injunction, the plaintiff must convince the district court of the following:

(1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs the threatened harm that the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Johnson v. U.S. Dept. Of Agriculture,* 734 F.2d 774, 781 (11th Cir.1984). The Court

---

4. The Ninth Circuit has cited Silver for the following proposition: in an action removed from state court, it is proper to remand claims barred by the Eleventh Amendment but to rule on other claims of the action. *Kruse v. State of Hawaii,* 68 F.3d 331, 335 (9th Cir.1995).

5. This Court ruled that Plaintiff's claims against the State Composite Board of Medical Examiners and it's members in their official capacity could not be heard in federal court because of the protections granted to states by the Eleventh Amendment.

6. The Court recognizes that both parties have argued that the state and federal claims are not separate and independent. The Court disagrees.

7. Whenever a separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

finds that Plaintiff has not satisfied this standard.

First, Plaintiff has not presented sufficient evidence to demonstrate a substantial likelihood of success on the merits in his claims under Section 1983 or Section 1985. While the Court is certain that plaintiff is significantly affected by the actions of the Board members, the Court concludes that granting a preliminary injunction would be detrimental to the public interest. The Court is very reluctant to interfere with the State of Georgia's system for ensuring the quality of medical care. Plaintiff has not convinced the Court that such interference would be prudent.

Accordingly, Plaintiff's request for injunctive relief is hereby denied.

**Defendant's Motion for Summary Judgment**

The May 14, 1996 Order of the Court reserved ruling on Defendants' motion for summary judgment based on Georgia's statute of limitations. At this stage of the proceedings the Court must deny Defendants' motion.

The Eleventh Circuit has held: "As to claims brought here under 42 U.S.C. §§ 1983 and 1985, precedent is clear that these are measured by the personal injury limitations period of the state." *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir.1996). The Court went on to hold that in Georgia, the two year limitations period of O.C.G.A. § 9–3–33 applies to claims under Sections 1983 and 1985. *Id.*

Federal law determines when a federal civil rights action accrues. *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987). The Eleventh Circuit has set out the framework for determining when an action accrues:

> The general federal rule is that the statute of limitations does not begin to run until the facts which would support such a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.... Plaintiffs must know or have reason to know that they were injured, and must be aware or should be aware of who inflicted the injury....

This rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them. *Id.* at 561–62.

The Court agrees with Defendant's contention that the two year statute of limitations applies in this case. However, the Brief in Support of State Defendant's Motion for Summary Judgment does not discuss the accrual date of specific claims. Therefore the Court must deny Defendant's motion for summary judgment. The Court will consider a renewed motion when Defendant can present the facts necessary for accrual analysis.

**Conclusion**

For the reasons set out above, Plaintiff's motion to remand this case intact is hereby **DENIED**; the Court will consider Plaintiff's federal claims alleged in Counts One, Two, and Three, and pursuant to Section 1441(c), the Court **REMANDS** Plaintiff's remaining claims to the Superior Court of Fulton County. Also, Plaintiff's motion for injunctive relief is hereby **DENIED**, and finally, Defendant's motion for summary judgment based on the statute of limitations is **DENIED**.